IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY GAINES, #113 380, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:11-CV-749-TMH |
| | )               [WO] |
| BOB RILEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate, challenges the decision to deny him reinstatement on parole. Plaintiff names as defendants the Alabama Board of Pardons and Parole, Chairperson William Wynne, Executive Director Cynthia Dillard, Assistant Director Eddie Cook, Assistant Director Robert Oakes, and parole board members Robert Longshore and Cliff Walker. Plaintiff sues Defendants in their individual and official capacities and seeks declaratory and injunctive relief and monetary damages for the alleged violations of his constitutional rights.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii).[1]

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis*. (*Doc. No. 5*.) A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

Following a parole court hearing on September 19, 2009 Plaintiff was determined to have violated the conditions of his parole.  Accordingly, parole board members revoked Plaintiff's parole and indicated that he would be given further consideration for parole in October 2010.  Since that time, Plaintiff maintains that the parole board has reviewed him for parole several times and each time he has been informed by a standardized letter that he has been denied parole. Plaintiff's  next scheduled parole consideration date is  in 2013. Plaintiff asserts that the letter informing him he has been denied parole is not signed by an actual member of the parole board and provides no adequate or valid reason for his continued confinement.  He further states that while he understands parole is discretionary, his situation is such that his parole was revoked but he has served the "time required" and should be reinstated on parole.   (*Doc. No. 1, Exhs. A, C,D*.)

Plaintiff alleges the following claims in support of his complaint:

1. He is being denied due process and equal protection by the Alabama Board of Pardons and Parole ["the Board"] due to its abuse of discretion in dealing with alleged parole violators;

2.  The Board has abused its discretionary authority and in turn denied him equal protection and due process by disregarding the language of Ala. Code § 15-22-32 (1975), by continuing to require his confinement;

3. He should be reinstated on parole as was recommended by the parole court hearing

officer and agreed to by the Board because he has a liberty interest in reinstatement on parole arising from the mandates of Ala. Code § 15-22-32; and

4. The Board is engaging in blatant and malicious abuse of discretion by arbitrarily and discriminatorily [sic] refusing to give him and other similarly situated inmates a valid reason for denying parole, or in his case, reinstatement on parole.

The common thread running through the arguments presented in the instant action is Plaintiff's belief that his status as a former parolee returned to prison as a parole violator entitles him to a different parole consideration process.

*A. The Alabama Board of Pardons and Paroles*

As an initial matter, the court finds that the Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Alabama Board of Pardons and Paroles are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

*B. Parole Board Officials - Claim for Monetary Damages*

With respect to the claims presented in the instant action, Plaintiff seeks monetary

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

damages from the parole board defendants. Parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974). The actions about which Plaintiff complains relate to actions undertaken by members/officials of the Alabama Board of Pardons and Paroles relative to the denial of Plaintiff's reinstatement on parole. Under the circumstances of this case, the actions of the parole board members are inextricably intertwined with their decision-making authority and the parole defendants are, therefore, absolutely immune from damages liability. Consequently, Plaintiff's claims relative to imposition of monetary damages against members/officials of the Alabama Board of Pardons and Paroles are subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

C. *Claims Regarding Denial of Reinstatement on Parole*

   *i. Due Process*

Distilled to its essence, Plaintiff complains that Defendant parole board members have violated his right to due process by not reinstating him on parole in accordance with state law. Plaintiff further complains that these Defendants failed to provide a "written statement by the factfinder at to the evidence relied on and reasons for further revoking parole, not a rubber stamped Xeroxed letter with no mention as to what is further required for reinstatement." (*Doc. No. 1 at pg. 5*.) Plaintiff's claims arising from an alleged lack of due

4

process in the parole consideration process, entitle him to no relief. To the extent Plaintiff relies on *Morrissey v. Brewer*, 408 U.S. 471 (1972), to support his due process challenge, such reliance is misplaced as the due process requirements outlined in *Morrissey* are applicable to the parole revocation process, not the parole consideration process.

With respect to Plaintiff's due process claim, the rules and regulations by which the Board determines whether an inmate is eligible for parole are the same whether the Board is considering an inmate who has never been released on parole or considering an inmate returned to prison as a parole violator. "The Alabama [parole] statute ... calls for discretionary rather than mandatory action on the part of the Board. The law directs the Board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole .... When the statute is framed in discretionary terms there is not a liberty interest created." *Thomas v. Sellers,* 691 F.2d 487, 489 (11th Cir. 1982). The law is well settled that "[t]he mere possibility of parole provides simply 'a hope that is not protected by due process....' *Greenholtz,* 442 U.S. at 11, 12, 96 S.Ct. at 2105, 2106 (1979).... [Moreover], the Alabama parole statute frames the Boards authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole or re-release on parole. *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles,* 824 F.2d 937, 942 (11th Cir. 1987); *see* Ala. Code § 15-22-23, *et seq.*, (1975, as amended).

5

Plaintiff does not possess a liberty interest in being granted parole or being re-released on parole that is protected by the Due Process Clause. *Monroe v. Thigpen,* 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard,* 824 F.2d at 941-942; *Thomas,* 691 F.2d at 488-489. Even if inmates have been given a specific date to be re-considered/re-set for parole consideration, they have no legitimate expectation or protected interest in being granted parole on this date because there is no right to parole at any time. Thus, the procedural due process protections of the Fourteenth Amendment do not apply to either the parole decision making process, *Thomas, supra,* or the parole consideration process. *Slocum v. Georgia State Board of Pardons and Paroles,* 678 F.2d 940, 942 (11th Cir. 1982) (failure to provide parole review within time required under parole laws or properly calculate presumptive date of release on parole does not constitute a violation of due process).

Although Plaintiff contends that Defendants acted arbitrarily and capriciously by sending inmates boilerplate letters reflecting that they have been denied parole, there is also no constitutional requirement that written reasons for the denial of parole be given, *see O'Kelley v. Snow,* 53 F.3d 319, 322 (11th Cir.1995) (Since the plaintiff "had no constitutional right to procedural due process protections, ... [he] therefore ... had no right to an explanation for departure from the parole guidelines."); *see, e.g., Irving v. Thigpen,* 732 F.2d 1215 (5th Cir.1984), and the Alabama parole statutes do not require that Plaintiff be furnished with reasons as to why the Board decided to deny parole. The failure to provide such information does not, therefore, implicate any constitutional right to which Plaintiff is entitled, and

6

Plaintiff's status as a "revoked parolee" does not afford him a different outcome.

Plaintiff also claims that Defendants denied him due process where they overlooked, ignored, and disregarded the legislative intent found in Ala. Code § 15-22-32. The relevant portion of the statute about which Plaintiff complains is:

> Upon revocation of parole, the board may require the prisoner to serve out in prison the balance of the term for which he or she was originally sentenced, calculated from the date of delinquency or the part thereof as it may determine. The delinquent parolee shall be deemed to have begun serving the balance of the time required on the date of his or her rearrest as a delinquent parolee.

According to Plaintiff, at the conclusion of his parole revocation hearing, the parole hearing officer recommended to the parole board that Plaintiff be set off for twelve months and be reset in October 2010. The Board accepted this recommendation and "proceeded to require [Plaintiff] to serve the portion of the time recommended." (*See Doc. No. 1 at pgs. 6-12.*) The court understands Plaintiff to argue that the provision of the statute noted above along with the actions of the parole hearing officer and the Board created a protectable expectancy of release on parole at the set-off time and failure to grant such release violates his right to due process. The Eleventh Circuit addressed a similar argument *Slocum* 678 F.2d 941–942:

> Petitioner argues that even if there is no statutorily created liberty interest in parole, particular [statutory parole] provisions ... create a protectable entitlement to parole consideration. Specifically, petitioner cites the requirement ... that parole consideration "shall be automatic" upon the expiration of a set period of confinement and language ... that the board include in the parole file "as complete information as may be practically available...." If these provisions create a protectable expectancy in parole

7

consideration, petitioner argues that the consideration must comport with due process standards. Petitioner's unique theory is without merit. Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren,* 528 F.2d 1050 (5th Cir.), *cert. denied,* 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright,* 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission,* 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date." Accordingly, in the instant case petitioner['s] ... allegation that the ... parole board has not accorded him adequate parole consideration does not entitle him to [relief].

*Slocum,* 678 F.2d at 942.

Plaintiff simply does not possess a liberty interest in being granted parole that is protected by the Due Process Clause of the Constitution. *Heard v. Georgia State Board of Pardons and Paroles,* 222 Fed. Appx. 838, 840 (11th Cir. 2007); *Monroe,* 932 F.2d at 1441; *Ellard,* 824 F.2d at 941–942; *Thomas,* 691 F.2d at 488–489. Absent a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness." *O'Kelley v. Snow,* 53 F.3d 319, 321 (11th Cir. 1995); *Slocum,* 678 F.2d at 942; *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995) (because applicable Texas parole statutes confer "no liberty interest in obtaining parole" Texas inmate could not "complain of the constitutionality

of procedural devices attendant to parole decisions.").

The court further notes that federal courts no longer ascertain whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion," but must instead look to the nature of the deprivation to determine if a state created a liberty interest. *Sandin v. Conner,* 515 U.S. 472, 483–484 (1995). As noted, an Alabama inmate has no liberty interest in parole protected by the Due Process Clause. Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] ... these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* "Since an inmate is normally incarcerated in prison, [the plaintiff's remaining in prison while awaiting parole consideration] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest." *Asquith v. Department of Corrections,* 186 F.3d 407, 412 (3rd Cir.1999).

   *ii. Equal Protection*

Plaintiff complains that Defendant parole board members have violated his right to equal protection as a result of their decision to keep him confined him rather than re-instate

9

him on parole after he served the "time required, and by failing to provide him "and inmates similarly situated" with valid written reasons for denying him parole. In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292 (1987).

Plaintiff does not identify any similarly situated inmate who received more favorable treatment in the parole consideration process nor does he allege the denial of parole occurred due to a constitutionally protected interest. The absence of relevant allegations precludes the court from finding a plausible equal protection claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949. Based on the foregoing, the court concludes that Plaintiff's equal protection claim does not rise to the level of a constitutional violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Defendants Oakes and Cook

Plaintiff names "Assistant Directors Oakes and Cook" as defendants. These individuals are not members of the Alabama Board of Pardons and Paroles. A review of the complaint fails to reveal any specific allegations against these individuals. Because Plaintiff merely lists these individuals as defendants in his complaint and does not allege they were personally involved in the constitutional violations about which he complains, they are due to be dismissed. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

### E. The Challenge to Plaintiff's Confinement

A claim challenging parole procedures may be brought under § 1983 if success on that claim would not result in the prisoner's release from custody or a reduction in his term of

11

imprisonment. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). A prisoner may not, however, pursue a challenge to parole procedures under § 1983 if the challenge, if successful would necessarily end or shorten the inmate's period of incarceration. Thus, to the extent Plaintiff maintains that Defendants' conduct as alleged in the complaint has resulted in his illegal confinement, such claim provides no basis for relief at this time. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court

determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645.  The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole).  Plaintiff has not shown that the decisions to deny him parole have been invalidated in an appropriate civil action. Consequently, the instant collateral attack on th adverse actions by the Board about which he complains is prohibited by *Heck* and *Balisok*.  Based on the foregoing, the court concludes that Plaintiff presently has no cause of action under § 1983 with respect to a claim challenging the validity of his the decisions to deny him parole.  This claim, therefore, is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff claims against the Alabama Board of Pardons and Paroles be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's claim for damages against Defendants Dillard, Wynn, Longshore, and

Walker be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii);

3.  Plaintiff's § 1983 due process and equal protection claims against Defendants Dillard, Wynne, Longshore, and Walker be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii);

4.  Plaintiff's claims against Defendants Oakes and Cook be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

5.  Plaintiff's claims asserting error in denying him parole and causing his illegal confinement be DISMISSED without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

6.  This case be DISMISSED prior to service of process.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 12, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party object.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd November 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE