IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRY GAINES, #113 380,      )
                                          )
      Plaintiff,             )
                                          )
      v.               )  CIVIL ACTION NO.:  2:11-CV-749-TFM
                                          )           [WO]
                                          )
ALABAMA BOARD OF PARDONS  )
AND PAROLES, *et al.*,        )
                                          )
      Defendants.        )

**ORDER**

Before the court is Plaintiff's pleading filed in the captioned action styled *Motion for Consideration*.  In this pleading, Plaintiff states that he "seeks to bring to the Court's attention possible acts of judicial wrong-doing by the [undersigned] and his chosen Magistrate Judge the Honorable T.F. Moorer."  Plaintiff has filed his motion, considered a motion for reconsideration of the court's January 20, 2012 judgment, in the captioned matter and, therefore, the undersigned shall address said filing.

Plaintiff complains that the court has gone out of its way to deny him fundamental fairness, failed to comply with rules of procedure, misinterpreted state law, and singled him out for "some sort of personal judicial denial or stonewalling." Plaintiff further believes the court has demonstrated preferential treatment towards Defendants by not serving his complaint, has acted in the capacity of defense counsel for Defendants, and that the undersigned was recruited by Magistrate Judge Moorer to deny Plaintiff his constitutional

rights of procedural process.[1]

Pursuant to 28 U.S.C. § 1915A, this court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.-On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1]The court notes Plaintiff's repeated concern that the court improperly dismissed his complaint prior to service after requiring him to pay an initial partial filing fee. Plaintiff is reminded, however, that the court's September 23, 2011 order clearly advised him that "**notwithstanding payment of the initial partial filing fee this court will dismiss this case prior to service of process if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).**" (*See Doc. No. 5.*) Plaintiff's reliance on *Herrick v. Collins,* 914 F.2d 228 (11th Cir. 1990), to support his assertion of improper dismissal is misplaced. The *Herrick* case involved a situation where a district court *sua sponte* dismissed a civil rights complaint as frivolous after requiring *pro se* prisoners plaintiffs to pay a partial filing fee. *Id*. at 229. The *Herrick* court found that the district court should have determined whether the complaint was frivolous before it ordered the plaintiffs to pay a partial filing fee and held that, under 28 U.S.C. § 1915(d), "when the district court has granted an *in forma pauperis* motion and required payment of a partial filing fee, the court must issue the summons." *Id.* at 229-30. The district court was, therefore, directed to reinstate the plaintiff's complaint and issue summons on the defendants. *Id.* Since issuance of the decision in *Herrick*, however, 28 U.S.C. § 1915 has been significantly altered. The current version of 28 U.S.C. § 1915, which became effective in 1996, allows a court, as noted above, to dismiss a case "at any time" as frivolous, malicious, or for failure to state a claim, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid."

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between complaints

filed *in forma pauperis* and those in which the requisite filing fee has been paid. The

procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte*

and as early as possible in the litigation. *See* 28 U.S.C. § 1915A. *See also* 28 U.S.C. §

1915(e)(2).

Review and disposition of the instant matter was made in accordance with the

statutory provisions applicable to inmate civil actions. Such review was conducted in an

objective manner in accordance with the law applicable to the specific allegations and

theories of liability asserted in the complaint. Accordingly, while Plaintiff's dissatisfaction

with the court's rulings may provide a proper ground for appeal, his mere disagreement with

the court's judicial rulings does not support his subjective allegations that the court acted

improperly or exhibited bias.

For the foregoing reasons, it is ORDERED that the motion for reconsideration of the

court's January 20, 2012 judgment (*Doc. No. 19*) be DENIED.

To the extent Plaintiff's March 15, 2012 pleading may be considered a motion for

recusal, *see* 28 U.S.C. § 144, it is

ORDERED that the motion (*Doc. No. 19*) is DENIED. *See United States v. Meester,*

762 F.2d 867, 884 (11th Cir. 1985) (citations omitted) (a motion for disqualification under

§ 144 "must demonstrate that the alleged bias is personal as opposed to judicial in nature. .

. The alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case."*); Loranger v. Stierheim,* 10 F.3d 776, 780, 781 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal."  Mere adverse rulings do not constitute the sort of pervasive bias that necessitates recusal.).

Done this 30th day of March, 2012.


  /s/      Truman M. Hobbs
  SENIOR UNITED STATES DISTRICT JUDGE